**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00047

MARIA DEL ROSARIO COTA MARTINEZ;
MARIO RINCON ROSALES; and
ARACELI ZAVALA RAMIREZ,
on their own behalf and on behalf of all others similarly situated,

       Plaintiffs,

v.

XCLUSIVE MANAGEMENT LLC d.b.a. XCLUSIVE STAFFING;
XCLUSIVE STAFFING, INC.;
XCLUSIVE STAFFING OF COLORADO, LLC;
OMNI INTERLOCKEN COMPANY, LLC;
OMNI HOTELS MANAGEMENT CORPORATION;
CHRISTINA CHAVEZ; and
HUMBERTO PATRON.

       Defendants.

---

## CLASS AND COLLECTIVE ACTION COMPLAINT

---

Plaintiffs, by and through their undersigned counsel, file this Class and Collective Action Complaint for fraudulent reporting, unpaid wages, and unpaid overtime against the above-listed Defendants.

### STATEMENT OF THE CASE

1.    Plaintiffs and those similarly situated are currently, or were formerly, employed by Defendants in low-wage positions providing housekeeping services at luxury hotels such as the Omni Interlocken Hotel. Defendants regularly and improperly deducted a three-dollar unspecified "fee" from every paycheck issued to the Plaintiffs and those similarly situated during their employment. In so doing, Defendants not only deprived Plaintiffs of wages earned but also fraudulently misreported their earnings to the Internal Revenue Service (the "IRS"). Defendants

1

also regularly issued paychecks falsely indicating that Plaintiffs and those similarly situated had worked only forty hours or less each week, when in actuality their individual hours worked in that period normally exceeded forty, and routinely altered Plaintiffs' stated rates of pay from the agreed-upon rates.

2.       Defendants thus violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., the Internal Revenue Code (the "IRC"), 26 U.S.C. § 7434, the Colorado Wage Claim Act (the "CWCA"), Colo. Rev. Stat. §§ 8-4-101 et seq., the Colorado Minimum Wages of Workers Act (the "CMWWA"), Colo. Rev. Stat. § 8-6-101 et seq., as implemented by the Colorado Minimum Wage Order (the "Wage Order"), 7 C.C.R. 1103-1, and the laws of several other states, including Florida, Indiana, Kansas, Kentucky, Louisiana, Missouri, New Mexico, Ohio, Tennessee, and Texas.

3.       Defendants violated the FLSA, CWCA, the CMWWA, and the laws of the states listed above, because those laws require employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty in a given workweek, pay minimum wage, and pay wages for all hours actually worked.

4.       Defendants' violations of the FLSA, the CMWWA, and the laws of several states were willful and deliberate. Defendants Xclusive Management LLC d.b.a. Xclusive Staffing and Xclusive Staffing, Inc. (collectively, the "Xclusive Defendants") have been the subject of five investigations by the Wage & Hour Division of the United States Department of Labor since 2009, resulting in back pay, minimum wage, and overtime awards, and civil monetary penalties, totaling over $10,000.

5.      Plaintiffs seek compensation for Defendants' violations of the FLSA, CWCA, CMWWA, IRC, and the laws of several states, on their own behalf and on behalf of all other similarly-situated hourly employees of Defendants.

## PARTIES, JURISDICTION, AND VENUE

6.      Plaintiff Maria Del Rosario Cota Martinez ("Cota") was employed by Defendants from approximately January 2014 through approximately October 2014. Plaintiff Cota's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 1.

7.      Plaintiff Mario Rincon Rosales ("Rincon") was employed by Defendants from approximately May 2014 through approximately August 2014. Plaintiff Rincon's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 2.

8.      Plaintiff Araceli Zavala Ramirez ("Zavala") was employed by Defendants from approximately May 2013 through August 2013, and again from approximately May 2014 through August 2014. Plaintiff Zavala's signed FLSA Consent to Sue Form is attached to this Complaint as Plaintiffs' Exhibit 3.

9.      Defendant Xclusive Management LLC ("Xclusive Management"), is a registered Colorado limited liability company with a principal street address of 8774 Yates Drive, Suite 210, Westminster, Colorado 80031, and twenty office locations in eleven different states: Colorado, Florida, Indiana, Kansas, Kentucky, Louisiana, Missouri, New Mexico, Ohio, Tennessee, and Texas.

10.     Defendant Xclusive Staffing, Inc. ("Xclusive Staffing"), is a registered Colorado corporation with a principal street address of 8774 Yates Drive, Suite 210, Westminster, Colorado 80031, and twenty office locations in eleven different states: Colorado, Florida, Indiana, Kansas, Kentucky, Louisiana, Missouri, New Mexico, Ohio, Tennessee, and Texas.

11.     Defendant Xclusive Staffing of Colorado, LLC ("Xclusive Staffing of Colorado"), is a registered Colorado limited liability company with a principal street address of 8774 Yates Drive, Suite 210, Westminster, Colorado 80031.

12.     Upon information and belief, Xclusive Staffing of Colorado is a wholly owned subsidiary of Xclusive Management and/or Xclusive Staffing.

13.     Defendant Omni Interlocken Company, LLC (the "Omni Interlocken"), is a foreign limited liability company with a principal street address of 420 Decker Drive, Suite 200, Irving, Texas 75062, upon information and belief operates the Omni Interlocken Hotel at 500 Interlocken Blvd, Broomfield, Colorado 80021, and is registered to do business in Colorado. .

14.     Defendant Omni Hotels Management Corporation (the "Omni Hotels," and collectively with the Omni Interlocken, the "Omni Defendants") is a foreign corporation with a principal street address of 4001 Maple Avenue, Suite 500, Dallas, Texas 75219, upon information and belief operates the Omni Interlocken Hotel at 500 Interlocken Blvd, Broomfield, Colorado 80021, and is registered to do business in Colorado.

15.     Defendant Christina Chavez is a manager for the Xclusive Defendants, with a principal business address of 8774 Yates Drive, Suite 210, Westminster, Colorado 80031. On information and belief, she resides in the state of Colorado.

16.     Defendant Humberto Patron is the Regional Director of Operations for the Xclusive Defendants, with a principal business address of 8774 Yates Drive, Suite 210, Westminster, Colorado 80031. On information and belief, he resides in the state of Colorado.

17.     Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., and the Internal Revenue Code, 26 U.S.C. § 7434.

18.     Plaintiffs request that this Court exercise supplemental jurisdiction over their claims under the laws of several states, pursuant to 28 U.S.C. § 1367.

19.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because all the events and omissions giving rise to the claims of the *named* Plaintiffs occurred in the District of Colorado, and the Xclusive Defendants are headquartered, conduct substantial business, and reside in the state of Colorado. The Omni Defendants are all registered to do business in the State of Colorado and do conduct substantial business in the State of Colorado.

## FACTUAL ALLEGATIONS RELEVANT TO ALL CLAIMS

20.     Plaintiff and those similarly situated worked as hourly employees for Defendants in luxury hotels with which the Xclusive Defendants and Xclusive Staffing of Colorado contracted to provide housekeeping services, including the Omni Interlocken in Broomfield, Colorado.

21.     Though Defendants' hourly employees, such as the Plaintiffs and those similarly situated, regularly worked more than 40 hours per week, Defendants refused to pay them overtime premiums.

22.     Rather than pay overtime premiums to their hourly employees, Defendants paid their hourly employees at their regular hourly rates for hours worked beyond forty each workweek. However, Defendants only paid for all hours worked sporadically and inconsistently, in response to direct complaints by hourly employees, and routinely failed to pay Plaintiffs for every hour worked in every pay period at the agreed-upon rate of pay.

23.     Defendants subjected all of their hourly employees to this policy of refusing to pay overtime wages for overtime hours worked.

24.     The Xclusive Defendants also fraudulently misreported Plaintiffs' earnings to the Internal Revenue Service by, among other actions, intentionally and fraudulently underreporting their wages on W-2 and W-3 forms.

25.     At all times relevant to this action, the Xclusive Defendants employed persons similarly situated to the named Plaintiffs in at least ten states other than Colorado, and operated a total of twenty office locations in these states.

26.     At all times relevant to this action, Plaintiff and all others similarly situated performed housekeeping labor for the benefit of Defendants, wherein Defendants, including the Omni Defendants, commanded when, where, and how much labor Plaintiffs and others were to perform.

27.     Plaintiffs and the members of the Class they seek to represent handled cleaning supplies and other materials which moved in interstate commerce each year relevant to this action.

28.     The Xclusive Defendants, Xclusive Staffing of Colorado, and the Omni Defendants, each enjoyed more than $500,000.00 in gross receipts each year relevant to this action, and were together an enterprise that enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

29.     Plaintiffs employed as housemen, such as Plaintiff Rincon, were ostensibly employed by the Xclusive Defendants and Xclusive Staffing of Colorado, but worked under the supervision of managers for the Omni Defendants alongside housemen ostensibly employed, on information and belief, by the Omni Defendants, and performed identical duties.

30.     Defendant Christina Chavez, at all material times, exercised operational control over the Xclusive Defendants' and Xclusive Staffing of Colorado's enterprise, and exercised

6

control over the terms and conditions of employment of the Xclusive Defendants' and Xclusive Staffing of Colorado's hourly employees, including the named Plaintiffs and the members of the class they seek to represent. For example, Defendant Chavez monitored and supervised these employees remotely, exercised primary control over the schedules of these employees, hired and fired them, and handled nearly all employee complaints of unpaid wages.

31.     Defendant Humberto Patron, at all material times, exercised operational control over the Xclusive Defendants' and Xclusive Staffing of Colorado's enterprise, and exercised control over the terms and conditions of employment of the Xclusive Defendants' and Xclusive Staffing of Colorado's hourly employees, including the named Plaintiffs and the members of the class they seek to represent. For example, Defendant Patron monitored and supervised these employees remotely, supervised Defendant Chavez in the exercise of her duties with respect to Plaintiffs, and personally received and handled employee complaints of unpaid wages.

32.     The Xclusive Defendants have been the subject of five investigations by the Wage & Hour Division of the United States Department of Labor since 2009, resulting in back pay, minimum wage, and overtime awards, and civil monetary penalties, totaling over $10,000.

33.     On information and belief, the Xclusive Defendants have refused to correct their failure to pay employees notwithstanding the receipt of multiple, repeated complaints from employees.

34.     The Omni Defendants have continued to jointly employ the Plaintiffs in the manner described above with the Xclusive Defendants and Xclusive Staffing of Colorado, notwithstanding these defendants' knowledge of the prior violations of federal wage and hour law by the Xclusive Defendants, as described above.

## 216(b) COLLECTIVE ACTION ALLEGATIONS

35.     Plaintiffs assert their Count I claim under the FLSA pursuant to 29 U.S.C. § 216(b), on behalf of themselves and on behalf of all similarly situated employees currently and formerly employed by Defendants.

36.     Pending any modifications necessitated by discovery, the named Plaintiffs preliminarily define the "216(b) Class" as follows:

> ALL CURRENT AND FORMER HOURLY NON-EXEMPT EMPLOYEES OF THE XCLUSIVE DEFENDANTS WHO WERE NOT COMPENSATED FOR ALL HOURS WORKED AND/OR WERE NOT PAID OVERTIME FOR HOURS WORKED IN EXCESS OF 40 IN A WEEK.

37.     Pending any modifications necessitated by discovery, the named Plaintiffs preliminarily define the "Omni Subclass" as follows:

> ALL CURRENT AND FORMER HOURLY NON-EXEMPT EMPLOYEES THAT WERE JOINTLY EMPLOYED BY BOTH THE XCLUSIVE DEFENDANTS AND THE OMNI DEFENDANTS THAT WERE NOT COMPENSATED FOR ALL HOURS WORKED AND/OR WERE NOT PAID OVERTIME FOR HOURS WORKED IN EXCESS OF 40 IN A WEEK.

38.     All potential FLSA class Members are similarly situated because, among other things, they were all hourly employees of Defendants and, upon information and belief, all suffered from the same policies of Defendants, including:

   a.   failing to pay overtime premiums;

   b.   failing to compensate employees for all hours actually worked;

   c.   improperly deducting three dollars from every paycheck for an unspecified "fee;" and

   d.   failing to pay class members at least statutory minimum wage on each pay day as mandated by the FLSA.

## RULE 23 CLASS ALLEGATIONS

39.     Plaintiffs assert their Count II and III claims as a Fed. R. Civ P. 23 class action on their own behalf and on behalf of a class for which Plaintiffs seek certification.

40.     Pending any modifications necessitated by discovery, the Plaintiffs preliminarily define this "Rule 23 Class" as follows:

> ALL CURRENT AND FORMER HOURLY EMPLOYEES OF THE XCLUSIVE DEFENDANTS WHO WERE NOT COMPENSATED FOR ALL OF THE HOURS THEY WORKED AND/OR WERE NOT PAID OVERTIME FOR HOURS WORKED IN EXCESS OF 40 IN A WEEK.

41.     Upon information and belief, Defendants did not pay the putative class members for all of the hours they worked or overtime for hours worked in excess of 40 in a week. Instead, Defendants only paid the class members for some of the hours they worked, improperly deducted three dollars from every paycheck for an unspecified "fee," and either did not pay them at all for hours worked in excess of 40 in a week, or only paid them their regular hourly rate, rather than time and a half, for hours worked in excess of 40 in a week.

42.     The class is so numerous that joinder of all potential class members is impracticable. Plaintiffs do not know the exact size of the Class since that information is within the control of Defendants.

43.     The named Plaintiffs estimate that there were at least fifty to one hundred similarly situated employees that worked with the named Plaintiffs for the Defendants in Colorado. The Xclusive Defendants claim to have twenty office locations in eleven different states: Colorado, Florida, Indiana, Kansas, Kentucky, Louisiana, Missouri, New Mexico, Ohio, Tennessee, and Texas. All of these states have laws barring the Defendants' payment practices, as described herein.

44.     Based on the number of Colorado employees and the number of offices the defendants have in other states, the named Plaintiffs therefore estimate that the class is made up of between one and two thousand current and former employees of Defendants. The exact size of the class will be easily ascertainable from the Xclusive Defendants' employment records.

45.     There are questions of law or fact common to the class that predominate over any individual issues that might exist. Common questions of law and fact include: how Defendants compensated their employees for hours worked in excess of 40 hours in a week; whether Defendants compensated their employees for all of the hours they worked; whether Defendants paid their employees at least minimum wage and overtime; and whether Defendants improperly deducted three dollars from every paycheck for an unspecified "fee."

46.     The class claims asserted by the Plaintiffs are typical of the claims of all of the potential Class Members. This is an uncomplicated case of unpaid wages and the class claims are typical of those pursued by victims of these violations. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging similar or identical causes of action would not serve the interests of judicial economy.

47.     The named Plaintiffs will fairly and adequately protect and represent the interests of the class. They are, or were, employees of Defendants, and were victims of the same violations of law as other class members, *i.e.*, the failure to compensate employees for all hours worked and the failure to compensate employees for overtime.

48.     The named Plaintiffs are represented by counsel experienced in wage and hour litigation and class actions.

49.      The prosecution of separate actions by the individual potential Class Members would create a risk of inconsistent or varying adjudications with respect to individual potential Class Members that would establish incompatible standards of conduct for Defendants.

50.      Each Class Member's claim is relatively small. Thus, the interest of potential Class Members in individually controlling the prosecution or defense of separate actions is slight. In addition, public policy supports the broad remedial purposes of class actions in general and the pertinent state laws are appropriate vehicles to vindicate the rights of those employees with small claims as part of the larger class.

51.      The Plaintiffs are unaware of any members of the putative class who are interested in presenting their claims in a separate action.

52.      The Plaintiffs are unaware of any pending litigation commenced by members of the Class concerning the instant controversy.

53.      It is desirable to concentrate this litigation in this forum because the Xclusive Defendants are headquartered and do a significant amount of business in this jurisdiction, as do other Defendants, and potentially hundreds of members of the class reside, or did reside, in this jurisdiction.

54.      This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

55.      The contours of the class will be easily defined by reference to the payroll documents the Xclusive Defendants were legally required to create and maintain, pursuant to FLSA and its regulations, including 29 C.F.R. § 516.2. Notice will be easily distributed as all members of the putative class are or were recently employed by the Xclusive Defendants, who

were required to create and maintain records containing the mailing addresses of each such class member.

## CLAIMS FOR RELIEF

## COUNT I:

## BREACH OF THE FAIR LABOR STANDARDS ACT (FLSA)
## 28 U.S.C. §§ 201 ET SEQ
## (AGAINST ALL DEFENDANTS)

56.     The Plaintiffs re-allege and incorporate by reference all previous paragraphs of the Complaint as if fully rewritten herein.

57.     Plaintiff Cota and those similarly situated worked for Defendants under an employment contract.

58.     The named Plaintiffs assert this claim on behalf of themselves and all others similarly situated, pursuant to 29 U.S.C. § 216(b).

59.     The named Plaintiffs and the members of the 216(b) class assert this claim against the Xclusive Defendants and Xclusive Staffing of Colorado for all work at all locations of clients of the Xclusive Defendants and/or Xclusive Staffing of Colorado.

60.     The named Plaintiffs and the members of the Omni Subclass assert this claim against all Defendants for work performed at the Omni Interlocken Hotel.

61.     During all times relevant to this action, the named Plaintiffs and others similarly situated were employees of all Defendants as defined by 29 U.S.C. § 203(e).

62.     During all times relevant to this action, the named Plaintiffs and others similarly situated were employed by all Defendants as defined by 29 U.S.C. § 203(g).

63.     Defendant Christina Chavez was the named Plaintiffs' and the Omni Subclass's employer pursuant to 29 U.S.C. § 203(d) because she acted directly or indirectly in the interest of

the Xclusive Defendants and Xclusive Staffing of Colorado in relation to the named Plaintiffs and the other unnamed members of the class.

64.     Defendant Humberto Patron was the named Plaintiffs' and the Omni Subclass's employer pursuant to 29 U.S.C. § 203(d) because he acted directly or indirectly in the interest of the Xclusive Defendants and Xclusive Staffing of Colorado in relation to the named Plaintiffs and the other unnamed members of the class.

65.     The Omni Defendants were the named Plaintiffs' and the Omni Subclass's employers pursuant to 29 U.S.C. § 203(d) because they acted directly or indirectly in the interest of the Xclusive Defendants and Xclusive Staffing of Colorado in relation to the named Plaintiffs and the other unnamed members of the class.

66.     Among other things, Defendants Chavez and Patron had the power to hire and fire the named Plaintiffs and the members of the Omni Subclass, maintained the Xclusive Defendants' employment records for the named Plaintiffs and the Omni Subclass, and controlled the terms and conditions of employment.

67.     Among other things, the Omni Defendants directly supervised and controlled the work of the named Plaintiffs and those similarly situated, and the members of the Omni Subclass, had the power to hire and fire the named Plaintiffs and those similarly situated, and the Omni Subclass, and controlled their terms and conditions of employment.

68.     During all times relevant to this action, the named Plaintiffs and others were employed by the Defendants in an "enterprise engaged in commerce or in the production of goods for commerce", as defined by 29 U.S.C. § 203(s)(1).

69.     During all times relevant to this action, the named Plaintiffs and others were employed by the Defendants for handling and otherwise working on goods or materials that had been moved in or were produced for commerce by any person. 29 U.S.C. § 203(s)(1).

70.     Upon information and belief, Defendants had annual gross revenues in excess of $500,000 and employed two or more persons, including the named Plaintiffs, who handled and worked on materials which had been moved in interstate commerce. 29 U.S.C. § 203(s)(1).

71.     Defendants employed the named Plaintiffs and others similarly situated in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a).

72.     The named Plaintiffs and others similarly situated regularly worked more than 40 hours in a week and were not paid any overtime.

73.     The Defendants violated the FLSA by failing to pay the named Plaintiffs and others similarly situated minimum wage and overtime as required by 29 U.S.C. §§ 206-207.

74.     The Defendants' failures to pay the named Plaintiffs and others similarly situated their federally mandated minimum wage and overtime wages were willful violations of the FLSA within the meaning of 29 U.S.C. § 255(a) because, among other reasons, the Xclusive Defendants have been the subject of five investigations by the Wage & Hour Division of the United States Department of Labor since 2009, resulting in backpay, minimum wage, and overtime awards, and civil monetary penalties, totaling over $10,000 and knew that their actions violated the law.

75.     The Xclusive Defendants are liable to the named Plaintiffs and the 216(b) Class for unpaid minimum wage and overtime, liquidated damages, attorneys' fees, costs, and interest.

76.     Additionally, the Omni Defendants, and Defendants Chavez and Patron, are jointly and severally liable with the Xclusive Defendants for any unpaid minimum wage and

overtime, liquidated damages, attorneys' fees, costs, and interest resulting from the work of the named Plaintiffs and the Omni Subclass at the Omni Interlocken Hotel.

77.     Plaintiff Cota and others similarly situated are entitled to unpaid minimum wage, unpaid overtime wages, liquidated damages, attorneys' fees and costs. 29 U.S.C. § 216(b).

**COUNT II:**

**BREACH OF COLORADO WAGE AND OVERTIME LAW
COLO. REV. STAT. §§ 8-4-101 et seq., 8-6-118 and C.C.R. § 7-1103–1
AND THE LAWS OF SEVERAL STATES
(AGAINST THE XCLUSIVE DEFENDANTS)**

78.     The named Plaintiffs re-allege and incorporate by reference all previous paragraphs of the Complaint as if fully rewritten herein.

79.     The named Plaintiffs assert this claim on behalf of themselves and all others similarly situated, as defined by the class described in the "Class Action Allegations" above, pursuant to Fed R. Civ P. 23.

80.     The named Plaintiffs and those similarly situated worked for Defendants under an employment contract.

81.     The named Plaintiffs and those similarly situated regularly worked more than 40 hours in a week and were not paid overtime for their overtime hours as required by C.C.R. § 7-1103–1 and the laws of several states.

82.     The Xclusive Defendants failed to pay the named Plaintiffs and others similarly situated the minimum wage required by C.C.R. § 7-1103–1 and the laws of several states.

83.     Defendants also failed to pay the named Plaintiffs and others similarly situated their wages for all hours worked, as required by Colo. Rev. Stat. § 8-4-101 et seq., and the laws of several states.

84.     Defendants' failure to pay the named Plaintiffs and those similarly situated was willful and deliberate. The Xclusive Defendants have been the subject of five investigations by the Wage & Hour Division of the United States Department of Labor since 2009, resulting in backpay, minimum wage, and overtime awards, and civil monetary penalties, totaling over $10,000 and knew that their actions violated the law.

85.     The named Plaintiffs and those similarly situated are entitled to recover their unpaid wages, minimum wage, and overtime, the improper $3 deduction for an unspecified "fee" that was made by the Xclusive Defendants to each pay check, and attorneys' fees, costs, and interest where permitted by state law.

## COUNT III:

## CLAIM FOR RELIEF FOR WILLFULLY FILING FRAUDULANT INFORMATION RETURNS IN VIOLATION OF INTERNAL REVENUE CODE, 26 U.S.C. § 7434 (AGAINST THE XCLUSIVE DEFENDANTS)

86.     The Plaintiffs re-allege and incorporate by reference all previous paragraphs of the Complaint as if fully rewritten herein.

87.     The Xclusive Defendants filed fraudulent W-2 and, by information and belief based on the W-2 forms the Plaintiffs received, W-3 forms with the IRS that misreported the payments made to Plaintiffs.

88.     Plaintiffs routinely were issued paystubs by the Xclusive Defendants that indicated that $3 was improperly deducted from each paycheck for unspecified fees, in violation of the law of several states. On information and belief, the Xclusive Defendants did not subtract this $3 amount from the amount of gross wages reported paid to each Plaintiff to the IRS.

89.     The filings are willful and fraudulent because the Xclusive Defendants knew that Plaintiffs received less in wages than was reported in the forms provided to the IRS, because

they willfully and unlawfully paid Plaintiffs three dollars less than the reported amount of gross wages for each pay period. Moreover, the Xclusive Defendants were able to avoid paying employer payroll taxes on the underreported amounts.

90.     Pursuant to 26 U.S.C. § 7434, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

91.     Pursuant to 26 U.S.C. § 7434, Plaintiffs are entitled to damages of at least $5,000 for each fraudulent paystub issued during the period covered by this complaint, and attorneys' fees.

**DEMAND FOR JURY TRIAL**

92.     The Plaintiffs demand a jury for all issues so triable.

**PRAYER FOR RELIEF**

Plaintiffs and those similarly situated respectfully request that this Court enter an order or orders:

a.  Certifying an opt-in class and subclass pursuant to the FLSA, 29 U.S.C. §§ 201 et seq.;

b.  That appropriate notice of this suit and the opportunity to opt into it be provided to all potential members of the 216(b) Class and the Omni Subclass;

c.  Awarding the Plaintiffs, the 216(b) Class, and the Omni Subclass unpaid minimum wage and overtime pursuant to  29 U.S.C. §§ 206, 207, 216;

d.  Awarding the Plaintiffs, the 216(b) Class, and the Omni Subclass liquidated damages and penalties pursuant to 29 U.S.C. §216(b);

e.   Awarding the Plaintiffs, the 216(b) Class, and the Omni Subclass costs and attorney fees pursuant to 29 U.S.C. §216(b);

f.   Certifying this action as a class action pursuant to Fed. R. Civ. P. 23;

g.   Appointing Plaintiffs as class representatives of the Rule 23 Class as defined above;

h.   Appointing the undersigned counsel as Class Counsel for the Rule 23 Class;

i.   Awarding the Plaintiffs and the Rule 23 Class their damages for unpaid wages and improper deductions and any applicable penalties pursuant to Colo. Rev. Stat. § 8-4-101 *et seq.,* and the laws of several states, and their damages for willfully and fraudulently filed information returns pursuant to 26 U.S.C. § 7434;

j.   Awarding Plaintiffs, the Rule 23 Class, the 216(b) Class, and the Omni Subclass costs and attorneys' fees and interest as permitted by law.

k.   Authorizing an incentive fee to the Rule 23 class representatives, and

l.   Granting such other relief as this Court deems just and proper.

Respectfully Submitted,



S/Raja Raghunath
Raja Raghunath,
Towards Justice Academic Fellow,
Assistant Professor of Law,
Sturm College of Law
601 16th St., STE C-207
Golden, CO 80401
Tel.: 720-239-2606
Fax: 303-957-2289
Email: raja@towardsjustice.org

S/Edward F. Siegel
Edward F. Siegel, Attorney
Towards Justice
1535 High St.
Suite 300
Denver, CO 80218
Tel.: 970-343-4464
Fax: 303-957-2289
Email: ed@towardsjustice.org

S/Alexander Hood
Alexander Hood, Attorney
Towards Justice
1535 High St.
Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

S/Andy Schmidt
Andrew Schmidt, Attorney
Andrew Schmidt Law PLLC
97 India St.
Portland, ME 04101
207-619-0320
andy@maineworkerjustice.org

Attorneys for the Plaintiffs

# EXHIBIT 1

## FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims, including filing a case where I am the party Plaintiff in a collective action pursuant to 29 U.S.C. § 216.

NAME _____

SIGNATURE _____

DATE _____

## CONSENTIMIENTO PARA ACCION FLSA

Por este medio doy mi consentimiento para que se haga una demanda por salarios que puede que me deben bajo la Ley de Normas Justas de Trabajo. Yo les autorizo a mis abogados a que me representen ante cualquier tribunal o agencia sobre estas reclamaciones, incluyendo la presentación de un caso el cual yo soy la parte Demandante en una acción colectiva de conformidad con 29 U.S.C. § 216.

NOMBRE _Maria del Rosario Cot_

FIRMA _Maria del Rosario Cot_

FECHA _10-21-2014_

# EXHIBIT 2

# FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims, including filing a case where I am the party Plaintiff in a collective action pursuant to 29 U.S.C. § 216.

NAME _____

SIGNATURE _____

DATE _____

# CONSENTIMIENTO PARA ACCION FLSA

Por este medio doy mi consentimiento para que se haga una demanda por salarios que puede que me deben bajo la Ley de Normas Justas de Trabajo. Yo les autorizo a mis abogados a que me representen ante cualquier tribunal o agencia sobre estas reclamaciones, incluyendo la presentación de un caso el cual yo soy la parte Demandante en una acción colectiva de conformidad con 29 U.S.C. § 216.

NOMBRE _Mario Rincon_

FIRMA _[signature]_

FECHA _10-21-14_

# EXHIBIT 3

## FLSA CONSENT FORM

I hereby give my consent to sue for wages that may be owed to me under the Fair Labor Standards Act. I hereby authorize my attorneys to represent me before any court or agency on these claims, including filing a case where I am the party Plaintiff in a collective action pursuant to 29 U.S.C. § 216.

NAME

SIGNATURE

DATE

## CONSENTIMIENTO PARA ACCION FLSA

Por este medio doy mi consentimiento para que se haga una demanda por salarios que puede que me deben bajo la Ley de Normas Justas de Trabajo. Yo les autorizo a mis abogados a que me representen ante cualquier tribunal o agencia sobre estas reclamaciones, incluyendo la presentación de un caso el cual yo soy la parte Demandante en una acción colectiva de conformidad con 29 U.S.C. § 216.

NOMBRE   _Araceli   Zavala_

FIRMA   _Araceli   Zavala._

FECHA   _10/20/14_