IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00047-MSK-MEH

MARIA DEL ROSARIO COTA MARTINEZ,
MARIO RINCON ROSALES, and
ARACELI ZAVALA RAMIREZ, on their own behalf and on behalf of all others similarly
situated,

      Plaintiffs,

v.

XCLUSIVE MANAGEMENT, LLC,
XCLUSIVE STAFFING, INC.,
XCLUSIVE STAFFING OF COLORADO, LLC,
OMNI INTERLOCKEN COMPANY, LLC,
OMNI HOTELS MANAGEMENT CORPORATION, and
DIANE ASTLEY,

      Defendants.

---

# ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiffs' Motion to Strike Defendants' Motion to Dismiss for Noncompliance with Practice Standards [filed May 22, 2015; docket #45].  For the reasons that follow, the Court **denies** the motion.

Defendants filed a motion to dismiss on May 20, 2015.  (Docket #41.)  Plaintiffs filed the present motion to strike the motion to dismiss on May 22, 2015.  (Docket #45.)  Briefing concluded on May 27, 2015.  (Dockets ##46, 47.)

A.    <u>Conferral</u>

Plaintiffs first argue that "the motion to dismiss is discouraged and no conferral occurred prior to filing."  (Motion to Strike, docket #45 at 1.)  Citing to the practice standards of Chief Judge

Marcia Krieger, the District Court Judge on this case, Plaintiffs note the following:

> Motions brought pursuant to Fed. R. Civ. P. 12(b) are discouraged if the defect is correctable by the filing of an amended pleading.  Counsel should confer prior to the filing of the motion to determine whether the deficiency can be corrected by amendment (e.g. failure to plead fraud with specificity) and should exercise their best efforts to stipulate to appropriate amendments."

 (Motion to Strike, docket #45 at 1-2, citing *MSK Civ. Practice Standard 7.6.1(a)*.)

Defendants counter that the District Court's Local Rule does not require conferral on a motion to dismiss.  D.C. Colo. LCivR 7.1(b).  That rule explicitly indicates that "a motion brought under Fed. R. Civ. P. 12" is an exception to the duty to confer.  *Id.*  Defendants note, however, that Chief Judge Krieger "wisely encourages parties to confer in cases in which there is a curable defect." (Response, docket #46 at 3, quoting *MSK Civ. Practice Standard 7.6.1(a)*.)  Defendants explain in great detail the efforts undertaken to communicate with Plaintiffs' counsel, including requesting more details regarding what Defendants perceive to be deficiencies in the complaint.  (Response, docket #46 at 3-8.)  Further, Defendants append multiple exhibits to demonstrate communication efforts.  (Response, docket #46, exhibits A-G.)

Because of the local rule and upon review of the materials provided by Defendants, the Court finds Plaintiffs' motion to strike unavailing based on lack of conferral.

B.    Format

Secondly, Plaintiffs argue that Defendants' motion to dismiss failed to comply with the formatting requirements of Chief Judge Krieger's practice standards.  (Motion to Strike, docket #45 at 3.)

Chief Judge Krieger's practice standards state as follows regarding motions brought pursuant to Fed. R. Civ. P. 12(b)(6): "[F]or each claim for relief that the movant seeks to have dismissed, the movant shall clearly enumerate each element **that the movant contends must be alleged but was**

**not**." *MSK Civ. Practice Standard 7.6.1(d)(1)* (emphasis in original).[1]

Here, Defendants argue that FLSA claims "do not have a list of elements that must be proved," and contend generally that Plaintiffs failed to plead facts to assert an FLSA claim. (Response, docket #46 at 9.) This may be erroneous as Chief Judge Krieger's own opinions have indicated a more explicit list of elements for such claims. *See Perez v. Pinon Mgmt., Inc.*, No. 12 CV 00653 MSK MEH, 2013 WL 1149567, at *7 (D. Colo. Mar. 19, 2013). Nevertheless, the Court reads the practice standards to mean that if a movant chooses to assert that an element is missing, the movant must clearly enumerate that. Defendants here indicated clearly what they believe to be lacking from Plaintiffs' claims, which this Court finds is enough to meet the practice standards.

Further, even Chief Judge Krieger calls her practice standards "permissive, not mandatory," and she has opted not to strike a response to a motion that did not meet those standards. *See Randazzo v. CH2M Hill, Inc.*, No. 13 CV 03276 MSK KLM, 2014 WL 4697131, at *10 (D. Colo. Sept. 22, 2014). There, Chief Judge Krieger wrote:

> The language used in this portion of the Chief Judge's Practice Standards is permissive, not mandatory. The Chief Judge further states in the introduction to this section: "Using these procedures will help to expedite determination. Failure to use these formats may result in a delay in their determination. The following formats for motions and responses should be used...." This language is again permissive, and not mandatory, regarding the format of a response to a motion to dismiss under Fed.R.Civ.P. 12(b)6. Accordingly, the Court will not strike the Response.

*Id.*, (internal cites omitted).

---

[1]The Court notes that Plaintiffs' quotation of this practice standard is erroneous. *See* Motion to Strike, docket #45 at 3. Plaintiffs quote the standard as follows: "for each claim for relief that the movant seeks to have dismissed, the movant shall clearly enumerate *all elements of the claim, then specify* the element(s) that movant contends must be alleged but was/were not." *Id.*, (emphasis inserted by the Court to indicate words that do not appear in the practice standards).

Therefore, the Court finds there no basis on which to strike the Defendants' Motion to Dismiss.

## **CONCLUSION**

Accordingly, Plaintiffs' Motion to Dismiss for Noncompliance with Practice Standards [filed May 22, 2015; docket #45] is hereby **DENIED** as set forth herein.[2]

Entered and dated at Denver, Colorado, this 2nd day of June, 2015.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

---

[2] The Court further notes that Defendants' response requests fees incurred in responding to the motion to strike.  *See* Response, docket #46 at 9-10.  However, it is improper under the local rules to include a motion within a response to the original motion.  *See* D.C. Colo. LCivR 7.1(d).