**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-00047-MSK-MEH

MARIA DEL ROSARIO COTA MARTINEZ;
MARIO RINCON ROSALES; and
ARACELI ZAVALA RAMIREZ,
on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

v.

XCLUSIVE MANAGEMENT LLC d.b.a. XCLUSIVE STAFFING;
XCLUSIVE STAFFING, INC.;
XCLUSIVE STAFFING OF COLORADO, LLC;
OMNI INTERLOCKEN COMPANY, LLC;
OMNI HOTELS MANAGEMENT CORPORATION; and
DIANE ASTLEY, an individual.

    Defendants.

---

**PLAINTIFFS' RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Plaintiffs, through their undersigned counsel, hereby respond in opposition to Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), filed May 20, 2015 (the "Motion to Dismiss"). Doc. 41. For the reasons set forth below, the Motion to Dismiss should be denied and the instant case permitted to proceed to discovery.

1. **The Amended Complaint Sufficiently Pleads Causes of Action for Unpaid Wages, Unpaid Minimum Wage, and Unpaid Overtime**

    a. *The standard for determining whether Plaintiffs' have sufficiently pled their claims under the FLSA*

In their Motion to Dismiss, Defendants, in effect, argue that the Supreme Court's decisions in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550

1

U.S. 544 (2007), override the requirement of Fed. R. Civ. P. 8(a)(2), that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rather than a "short and plain" statement of Plaintiffs' claims, the Motion to Dismiss demands instead that Plaintiffs' exhaustively quantify each and every claimed violation of the Fair Labor Standards Act (FLSA), to the extent that "Plaintiffs must allege they performed work for which they were not properly compensated by 'show[ing] the amount and extent of that work as a matter of just and reasonable inference.'" Doc. 41 at 6 (citation omitted).

Contrary to Defendants' arguments, other trial courts in this Circuit have rejected the proposition that FLSA plaintiffs must expressly plead specific facts that bear on damages and that can often only be developed through discovery. Compare Doc. 41 at 8 (arguing that "Plaintiffs do not allege: the time, date, or place they allegedly worked unpaid or underpaid overtime; any examples of the unpaid work; any allegations about the type of unpaid work they performed; any description of the nature of the unpaid work; the approximate number of unpaid overtime hours worked; the approximate number of underpaid overtime hours worked; or the approximate dollar amount of the allegedly unpaid work."), with Renteria-Camacho v. DIRECTV, Inc., Case No. 14-2529, 2015 WL 1399707, at *2 (D. Kan. Mar. 26, 2015) (describing how Defendant "asserts plaintiff's complaint lacks the following, necessary facts: How many hours he worked for which he was not compensated; The weeks he worked those uncompensated hours; What his rate of pay was; What amount of business expenses he incurred for which he was not reimbursed; and The number and amount of charge backs that were allegedly deducted from his pay," and rejecting the Defendant's position that "[w]ithout these facts" the plaintiffs' claims should be dismissed).

The trial courts that have encountered such unreasonable demands for specific facts at the motion to dismiss stage regarding the amount of hours worked for which the plaintiffs were not properly paid have noted that "a determination [regarding whether the plaintiff has sufficiently established these facts] is more appropriate on a motion for summary judgment—not a motion to dismiss. The threshold here is whether plaintiff is entitled to offer such evidence." Renteria-Camacho, 2015 WL 1399707, at *2 (citation omitted). Indeed, "[t]o require such detail would elevate the pleading burden of an FLSA plaintiff above the pleading burden of other plaintiffs." Spears v. Mid-America Waffles, Inc., Case No. 11–2273–CM, 2011 WL 6304126, at *3 (D. Kan. Dec. 16, 2011) (citation omitted).

When faced with another defendant's demand for the level of specificity sought in the Motion to Dismiss in this case, another trial court in this Circuit cited the Fourth Circuit's analysis "that a complaint need not 'make a case' against a defendant or '*forecast evidence* sufficient to *prove* an element' of the claim. It need only '*allege facts* sufficient to *state* elements' of the claim." McDonald v. Kellogg Co., Case No. 08–2473–JWL, 2009 WL 1125830, at *2 (D.Kan. Apr. 27, 2009) (quoting Chao v. Rivendell Woods, Inc., 415 F.3d 342 (4th Cir. 2005) (emphasis in original). Allegations such as those which Plaintiffs plead in their Amended Complaint "sufficiently inform defendant of plaintiff's FLSA unpaid overtime claim and its general basis," and "[n]othing more is required." Pegues v. CareCentrix, Inc., No. 12-CV-2484-CM, 2013 WL 183996, at *1 (D. Kan. Jan. 17, 2013) (citations omitted).

When Judge Krieger was confronted with demands such as those brought by Defendants in the Motion to Dismiss, in another case where automatic breaks were logged irrespective of whether Plaintiffs actually worked during those breaks, she squarely ruled that FLSA plaintiffs should not be held to any special pleading standard. In Perez v. Pinon Management, Inc., Case

3

No. 12-cv-00653-MSK-MEH, 2013 WL 1149567 (D. Colo. March 19, 2013), this Court was "satisfied that the Amended Complaint gives the Defendants sufficient notice of Ms. Perez's contention that she was 'routinely,' 'consistently,' and 'often,' required to take her meal breaks 'without any change in demands' upon her." 2013 WL 1149567, at *8.

The approach taken by these courts is consistent with the United States Supreme Court's holding in <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680 (1946), where the Court clarified the burden of proof at trial for FLSA plaintiffs where their employers failed to maintain appropriate time records. In <u>Anderson</u>, the Court reversed the appellate court's decision, which had, among other things, concluded that the "burden rested upon the employees to prove by a preponderance of the evidence that they did not receive the wages to which they were entitled under the [FLSA] *and* to show by evidence rather than conjecture the extent of overtime worked." <u>Id.</u> at 686 (emphasis added). The Supreme Court, however, observed that the lower courts had applied an "improper standard of proof."

> An employee who brings suit under § 16 (b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under § 11 (c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the nature and amount of work performed. Employees seldom keep such records themselves; even if they do, the records may be and frequently are untrustworthy. It is in this setting that a proper and fair standard must be erected for the employee to meet in carrying out his burden of proof.

The <u>Andersen</u> holding controls the trial burden, not the pleading standard, but its reasoning flatly contradicts Defendants' demands for detailed allegations of actual hours worked in the Complaint when, as here, Plaintiffs allege that Defendants failed to keep accurate time

4

records. Consistent with Anderson, and the cases addressing similar questions at the motion to dismiss stage in this Circuit, Plaintiffs' pleading withstands the Motion to Dismiss as long as it puts Defendants' on sufficient notice of Plaintiffs' claims that they "performed work for which they were not properly compensated." The case that Defendants cite to support their implicit argument that this Court should apply a heightened pleading standard was premised on that court's finding that it was "undisputed that [Defendant] keeps accurate records, and employees can even access the timekeeping system from home." Brown v. ScriptPro, LLC, 700 F.3d 1222, 1230 (10th Cir. 2012) (citation omitted). This was because the plaintiff in that case "easily could have entered his hours; in fact, he was required to do so." Id. Only under these circumstances, where there is an established "overtime record-keeping system" and where it is the plaintiff-employee's responsibility to use the system to track her hours, could the failure to allege the specific "amount and extent" of work for which she was not properly paid be a sufficient basis for dismissing a plaintiff's FLSA claim.

In this case, however, there is considerable disagreement regarding whether Defendants keep accurate records. Plaintiffs expressly allege that "Defendants regularly issued paychecks falsely indicating the amounts of hours that Plaintiffs and those similarly situated had worked each week, altered their timesheets after the fact from their actual hours worked, and adjusted their stated rates of pay from the agreed-upon rates," and that "[t]his was often done in response to complaints by Plaintiffs and those similarly situated that the entirety of their hours worked had not been reflected in their paychecks." Doc. 39 at ¶ 3. Moreover, Defendants are not shielded from these claims merely because—after the commencement of this litigation—they provided Plaintiffs with copies of what Defendants purport to be Plaintiffs' timesheets. The Amended Complaint expressly alleges that Plaintiffs cannot authenticate these documents and that they

*dispute* these documents' accuracy.  Id. at ¶¶ 8-10.  Further, naked assertions by the Defendants regarding the veracity of their timekeeping records are contradicted by repeated findings (attached to the Amended Complaint) by the USDOL of inaccurate time keeping. Doc. 39, Ex. 1 at 8 ("[USDOL Wage and Hour Division] cited recordkeeping violations because the employer did not maintain an accurate record of hours worked."), Ex. 2 at 9 ("A record keeping violation resulted from the employer not having an accurate records [*sic*] of hours worked for the room attendant employees."). These findings must be accepted as true for the purpose of evaluating this Motion to Dismiss.

In most cases, the circumstances of Brown are not applicable.  Relying on the principles set out in Anderson, the Tenth Circuit has explained that although an

> employee bears the burden of proving he performed work for which he was not properly compensated…, employers have a duty to keep accurate records. If employers do not keep accurate records the employee's burden is extremely difficult. In order to prevent the employee from being penalized by the employer's failure to keep adequate records, the Supreme Court held in Anderson that an employee carries his burden by proving that he has "in fact performed work for which he was improperly compensated and ... [producing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."

Baker v. Barnard Constr. Co., Inc., 146 F.3d 1214, 1220 (10th Cir. 1998) (citing Anderson, 328 U.S. at 687).  Indeed, it is the essence of the claims brought in the Amended Complaint that Defendants utilized their self-serving control of their payroll records to obscure and avoid their obligations to pay Plaintiffs for all hours worked, and have done so on multiple occasions and at multiple worksites in the last five years. See Doc. 39 at ¶¶ 6, 22-25. See also Secretary of Labor v. Labbe, 319 Fed.Appx. 761, 763-64 (11th Cir. 2008) (In upholding sufficiency of pleadings, noting that the complaint alleges that defendant "failed to keep appropriate records of the 'wages, hours and other conditions and practices of employment maintained by it' as required by

6

law. While these allegations are not overly detailed, we find that a claim for relief for failure to pay minimum wage, to provide overtime compensation, or to keep appropriate records under FLSA does not require more.").

In their Motion, Defendants ignore the weight of authority and instead rely heavily on an unreported case from this District ruling on an employee-plaintiff's motion for default judgment. Topp v. Lone Tree Athletic Club, Inc., Case No. 13-cv-01645-WYD-KLM, 2014 WL 3509201 (D. Colo. July 15, 2014). In considering the motion for default judgment, the Court in Topp had to determine whether or not the allegations were detailed enough to support an award of damages. By contrast, the instant case is not at a juncture where the Court is required to enumerate and award each Plaintiff's actual damages, and what may be entirely reasonable demands for specific allegations regarding the extent of damages in the context of entry of a default judgment have no bearing on whether a complaint sufficiently pleads a cause of action on its face.

      *b. Plaintiffs' allegations here are more than sufficient to withstand Defendants' Motion.*

The Amended Complaint alleges sufficient and plausible facts to support the claims brought against each Defendant. Plaintiffs, for example, expressly plead (1) that Defendants improperly deducted a three-dollar fee from Plaintiffs' paychecks, notwithstanding that Defendants did not provide goods or services to justify the deduction and that Plaintiffs never agreed to such deduction, Doc. 39 at ¶¶ 1, 26, 44, 87; (2) that Defendants' "regularly" "clocked out" Plaintiffs for a thirty-minute lunch break, even when Plaintiffs actually worked during this period, id. at ¶¶ 2, 23; (3) that Defendants "often" failed to pay Plaintiffs overtime premiums when they worked in excess of forty hours per week, id. at ¶¶ 22-25, 50, 74; (4) that Defendants frequently failed to pay Plaintiffs for all hours worked (beyond the off-the-clock work performed

7

during Plaintiffs' purported lunch breaks), id. at ¶¶ 5, 23, 44, 50, 74, 85; and (5) that Defendants' payment policies and practices often resulted in Plaintiffs receiving wages below minimum wage, id. at ¶¶ 5, 75, 79.  These allegations are much more than conclusory or threadbare recitals that Plaintiffs were not paid wages owed to them under the FLSA (the required showing under Anderson); they are specific factual allegations supporting this legal contention, and thus "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

Although these allegations would, on their own, be sufficient to withstand Defendants' motion, other documents and allegations before the Court provide additional bases for concluding that Plaintiffs' claims are plausible.  First, although Defendants boldly assert that these claims should be resolved based on the *disputed* timesheets provided to Plaintiffs after this litigation commenced, those same timesheets—attached to Plaintiffs' Amended Complaint—are implausible on their face. Accepting, *arguendo*, that these timesheets are authentic business records, they support, rather than refute, Plaintiffs' claims. Incredibly, almost every day of time the timesheets purportedly record indicate that Plaintiffs took exactly thirty minutes for lunch. Sometimes, the timesheets indicate that Plaintiffs' "clocked out" for lunch precisely on the hour (generally at 12:00), and "clocked back in" for work precisely on the half hour (generally at 12:30). See Doc. 39, Ex. 10 (indicating that plaintiff Zavala began lunch at 12:00 and completed lunch at 12:30 almost every day of her employment from April through August 2014); Doc. 39, Ex. 8 (same for plaintiff Rincon); Doc. 39, Ex. 6 (same for plaintiff Cota).

Even more shockingly, in other instances Plaintiffs' days are cut exactly in half, with a half hour for lunch implausibly inserted *precisely* in the middle of the work day for lunch. See Doc. 39, Ex. 10 at 17 (indicating that on 6/29/2014, Plaintiff Zavala started work at 9:00 am,

8

finished at 6:38 pm, and the purported lunch was from 1:34 pm to 2:04 pm, resulting in 4.57 hours recorded in the morning and 4.57 hours recorded in the afternoon). The purported time records are replete with this same implausible pattern. See Doc 39, Exs. 6, 8, 10. The peculiarities of the timing of Plaintiffs' lunch, as measured on the timesheets supplied by Defendants, support the allegation that Defendants, not Plaintiffs, calculated this purported meal time; that Plaintiffs had no control nor knowledge of that deduction; and that Plaintiffs were thus working during time that Defendants deducted. Additionally, all of the allegations in the Amended Complaint are supported by the fact that Defendants have been repeatedly sanctioned by the Department of Labor for engaging in these same illegal practices. Id. at ¶ 2, Ex. 1 at 13 (In 2014, following an investigation of Xclusive employees working in a Hampton Inn in Denver, the "[USDOL Wage and Hour Division] cited overtime violations for 46 employees because room attendants regularly … worked through lunches which were automatically deducted from hours worked"), Ex. 2 at 3 (In 2012, following an investigation of Xclusive employees working at the Grand Hyatt in Denver, the USDOL Wage and Hour Division found "[m]inimum wage and overtime violations … from the employer not counting missed lunch breaks….").

Whether or not there is sufficient evidence to prove Plaintiffs' allegations is a question for another day, after further factual development. See Perez, 2013 WL 1149567, *9 (Noting that "the Court assesses a Rule 12(b)(6) motion by examining the face of the complaint; disputes as to the accuracy of substantive factual allegations are matters to be taken up on summary judgment."); see also Renteria-Camacho, 2015 WL 1399707, at *2 (citation omitted). Factual development through discovery is necessary here, for "[w]hile Defendants might appreciate having Plaintiffs' estimate of the overtime hours worked at this stage of the litigation, it would be subject to change during discovery and if/when the size of the collective action grows and thus of

limited value." Butler v. DirectSat USA, LLC, 800 F. Supp. 2d 662, 668 (D. Md. 2011). Furthermore, the vast bulk of information salient to assessing whether Plaintiffs can support their allegations is entirely within the control of Defendants. See, e.g., Pruell v. Caritas Christi, 678 F.3d 10, 15 (1st Cir. 2012) ("While specifics as to the named plaintiffs here are lacking, some of the information needed may be in the control of defendants. Plaintiffs certainly know what sort of work they performed and presumably know how much they were paid as wages; but precisely how their pay was computed and based upon what specific number of hours for particular time periods may depend on records they do not have. Complaints cannot be based on generalities, but some latitude has to be allowed where a claim looks plausible based on what is known."). As explained above, the timesheets provided Plaintiffs *after* the commencement of this litigation do not obviate the need for discovery. Plaintiffs dispute the accuracy of these timesheets, allege that Defendants frequently altered timesheets in response to complaints or inquiries from employees, see, e.g., Doc. 39 at ¶¶ 3, 23, and the timesheets appear facially unreliable.

Finally, Defendants' argument in the Motion to Dismiss that Plaintiffs "have failed to allege[ ] that Defendants had actual or constructive knowledge of the allegedly uncompensated overtime" is unavailing. Doc. 41 at 10. The Amended Complaint describes at length Plaintiffs' repeated and only partially successful attempts to receive pay for all hours worked, including overtime. Doc. 39 at ¶¶ 3, 23. For example, by setting up a timekeeping program that ignored whether Plaintiffs actually worked during a lunch break, and then making the Plaintiffs actually work during lunch breaks, Defendants had constructive knowledge of their failure to pay overtime. The Amended Complaint further describes how Defendants have repeatedly been found by the Department of Labor to have committed pay violations of this exact type, in multiple worksites over multiple years, and have incredibly claimed in response to such findings

that their joint employers were responsible for these policies and they had no knowledge of them. See Doc. 39 at ¶ 2. Taken as true, these facts provide ample support for the proposition that Defendants had actual or constructive knowledge of their violations of the FLSA.

2. **The Lawfulness of Defendants' Automatic Break Policy is Not Appropriately Determined on the Pleadings**

The Motion to Dismiss inexplicably argues that, since "[a]utomatic deductions of time for meal breaks are lawful under the FLSA," the Amended Complaint's allegations regarding the automatic deductions "fail[ ] to state a claim for relief under the FLSA." Doc. 41 at 9. In support of this proposition, Defendants cite a summary judgment decision and a class decertification decision, thus reinforcing Judge Krieger's point that such matters are most appropriately decided upon record evidence rather than the pleadings. See Perez, 2013 WL 1149567, at *8 ("Neither case stands for the proposition that the Defendants appear to assert: that automatic deductions for meal breaks are, as a matter of law, permissible, even though the employee nevertheless is required to work during some or all of that break period.").

The Amended Complaint pleads that the deductions were made "irrespective of whether a full half-hour lunch break was taken" by Plaintiffs. Doc. 39 at ¶¶ 2, 41. Defendants may appropriately explore the extent to which this was done to Plaintiffs and whether it was done in compliance with the rule set forth in the Department of Labor opinion letter cited in the Motion to Dismiss, that such deductions may be permissible "so long as 'the employer *accurately records actual hours worked*, including any work performed during the lunch period,'" Doc. 41 at 9 (quoting DOL Wage & Hour Op. Ltr., No. FLSA 2007–1NA (May 14, 2007), 2007 WL 5130264) (emphasis added), but these are factual issues unsuited for resolution at this stage. Contrary to Defendants' Motion to Dismiss there is no requirement that Plaintiffs plead "when

they worked through lunch breaks, why they worked through lunch breaks, who told them to work through meal breaks, and what work they performed during breaks." Doc. 41 at 9-10. Defendants may appropriately make such detailed inquiries in discovery, and set forth arguments in support of their automatic break policy in a motion for summary judgment, or at trial.

### 3. Plaintiffs Plausibly Plead a Claim for Gap Time Pay Under the FLSA

The Motion to Dismiss argues that the "FLSA only provides a remedy for payment of federal minimum wage and overtime wages," and that "[g]ap-time hours are simply an agreement to work additional hours at reduced pay, which is lawful so long as it meets or exceeds minimum wage." Doc. 41 at 12 (citation omitted). This vastly oversimplifies and misstates the law. There is little dispute that Plaintiffs are entitled to any unpaid regular hours worked in any work week where they were not paid overtime due to them. See Monahan v. Cnty. of Chesterfield, Va., 95 F.3d 1263, 1273 (4th Cir. 1996) ("if (1) all straight time compensation due to the employee for nonovertime hours under the express or implied employment agreement or applicable statute has been paid and (2) the employee has been compensated at a rate of at least time and a half for all hours worked in excess of the maximum allowed, the employer has acted in compliance with the FLSA.") (citing 29 C.F.R. § 778.315.); see also, Barnes v. ELS Educ. Servs., Inc., No. 4:14-CV-00188-EJL, 2015 WL 731456, at *3 (D. Idaho Feb. 19, 2015), Perez v. Wells Fargo & Co., No. C 14-0989 PJH, 2014 WL 6997618, at *7 (N.D. Cal. Dec. 11, 2014), Jones v. C & D Technologies, Inc., 8 F. Supp. 3d 1054, 1070 (S.D. Ind. 2014) Braddock v. Madison Cnty., 34 F. Supp. 2d 1098, 1112 (S.D. Ind. 1998) (Hamilton, J.). But see Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 116 (2d Cir. 2013).

Additionally, in the Tenth Circuit, when, as alleged here, an employee's meal breaks are incorrectly deducted under the FLSA, the employer must compensate the employee at his regular

rate for those meal breaks *irrespective* of whether or not the employee worked overtime during that work week. Lamon v. City of Shawnee, Kan., 972 F.2d 1145, 1155 (10th Cir. 1992) ("As long as time spent for meal periods, together with the rest of an officer's compensable time at a regular wage, would not exceed 171 hours per 28 days, no overtime wages would be due for that total time, a result consistent with FLSA. Simply because Defendant chose, after adopting the § 207(k) plan, to continue paying an overtime wage for all hours worked over 160 hours per cycle, while not paying compensation for meal periods, does not compel the conclusion that, were mealtime to be adjudged compensable, the Defendant should be penalized for its own liberality. However, as the district court held, even if the City is not required to pay overtime, compensation for meal periods at a rate less than a regular wage would be contrary to FLSA."). The import of this holding subsequently was described by the Fourth Circuit in Monahan: "[W]e see the Lamon cases as standing for the proposition that meal time hours must meet the requirements of 29 C.F.R. § 553.223 to be exempted from pay, and if they are nonexempt and have not been properly paid, they must be paid at a regular rate if the total meal time hours do not exceed the overtime threshold of the applicable pay cycle." Monahan, 95 F.3d at 1272 (4th Cir. 1996).

Although courts are split on whether the FLSA provides a remedy to Plaintiffs who have not been paid for all of the hours of worked in a given work week but are *not* owed any overtime for that week, and where the amount paid for the week exceeds the minimum wage, the Lamon decision is binding in this Circuit. Monahan, 95 F.3d at 1269 (4th Cir. 1996) ("[i]n [Lamon] the Tenth Circuit was simply following labor regulations that require all hours worked up to the overtime threshold, including compensable meal time hours, be paid at the regular rate." (citing 29 C.F.R. §§ 553.221-223; Lamon, 972 F.2d at 1155 (10th Cir. 1992)). Moreover, its reasoning

is more consistent with the purposes of the FLSA than the alternative approach. As one trial court has found in the FLSA context, where "Plaintiffs have alleged that [defendant] knew the Plaintiffs were working more hours than reported on their time sheet and that it was not compensating its employees for this time," this meant that "Plaintiffs have alleged that [defendant] intentionally paid its workers $0 for each unrecorded hour worked during their meal breaks and before/after their shifts," and therefore "[t]his allegation is sufficient to state a claim for a minimum wage violation at this stage." Norceide v. Cambridge Health Alliance, 814 F.Supp.2d 17, 25-26 (D.Mass. 2011).

As set out above, Plaintiffs sufficiently plead that they were not paid for all of the hours that they worked. Doc 39 at ¶¶ 5, 23, 44, 50, 74, 85.  Sometimes this practice resulted in Plaintiffs being paid below the minimum wage, id. at ¶¶ 5, 75, 79, and in clear violation of the FLSA, and sometimes this practice resulted in Plaintiffs not being paid overtime premiums to which they were entitled, id. at ¶¶ 22-25.  But even for pay periods where neither of these were the case, Plaintiffs are entitled to recover under the FLSA for Defendants' failure to pay them for all of the hours they worked.

For the foregoing reasons, Plaintiffs respectfully request that the Motion to Dismiss be denied in its entirety and the instant matter be allowed to proceed to discovery and adjudication on the merits.

Dated: June 15, 2015

                                            Respectfully Submitted,



                                            *s/ Raja Raghunath*
                                            Raja Raghunath, Attorney
                                            Towards Justice
                                            1535 High St., Suite 300

Denver, CO 80218
Tel.: 720-808-1231
Fax: 303-957-2289
Email: raja@towardsjustice.org

*s/ Alexander Hood*
Alexander Hood, Attorney
Towards Justice
1535 High St., Suite 300
Denver, CO 80218
Tel.: 720-239-2606
Fax: 303-957-2289
Email: alex@towardsjustice.org

*s/ Andrew Schmidt*
Andrew Schmidt, Attorney
Andrew Schmidt Law PLLC
97 India St.
Portland, ME 04101
Tel: 207-619-0320
Fax: 303-957-2289
Email : andy@maineworkerjustice.com

Attorneys for the Plaintiffs

**Certificate of Service**

I hereby certify that the foregoing PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6) was filed through the CM/ECF system on this 15th day of June, 2015, and served on the following parties by the same means:

Christine Kessler Lamb
1900 Wazee Street, Suite 300
Denver, CO 80202
clamb@fortislawpartners.com

Counsel for Defendants Xclusive Management, LLC d.b.a. Xclusive Staffing, Xclusive Staffing, Inc., Xclusive Staffing of Colorado, LLC, Omni Interlocken Company, LLC, Omni Hotels Management Corporation, and Diane Astley.

*s/ Raja Raghunath*
Raja Raghunath