IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00047-MSK-MEH

MARIA DEL ROSARIO COTA MARTINEZ,
MARIO RINCON ROSALES, and
ARACELI ZAVALA RAMIREZ, on their own behalf and on behalf of all others similarly situated,

    Plaintiffs,

v.

XCLUSIVE MANAGEMENT, LLC d/b/a Xclusive Staffing,
XCLUSIVE STAFFING, INC.,
XCLUSIVE STAFFING OF COLORADO, LLC,
OMNI INTERLOCKEN COMPANY, LLC,
OMNI HOTELS MANAGEMENT CORPORATION, and
DIANE ASTLEY,

    Defendants.

___

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
___

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is the Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [filed May 20, 2015; docket #41]. In accordance with 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1(c), this matter is referred to this Court for recommendation [docket #51]. The motion is fully briefed, and oral argument (requested by neither party) would not materially assist the Court in its adjudication of the motion. Based on the record contained herein, the Court RECOMMENDS that the District Court grant Defendants' motion, but permit the Plaintiffs to amend their pleading.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court

**BACKGROUND**

Plaintiffs initiated this action pursuant to the Fair Labor Standards Act ("FLSA") and state wage statutes on January 7, 2015, then filed the operative First Amended Class and Collective Action Complaint ("Amended Complaint") on May 1, 2015 as a matter of course pursuant to Fed. R. Civ. P. 15(a). Dockets ##1, 39.

**I.     Statement of Facts**

The following are factual allegations (as opposed to legal conclusions, bare assertions or merely conclusory allegations) made by the Plaintiffs in the Amended Complaint, which are taken as true for analysis under Fed. R. Civ. P. 12(b)(6) pursuant to *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must limit its review to the four corners of the Amended Complaint, but may also consider documents attached to the pleading as exhibits, *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), as well as any unattached documents which are referred to in the Amended Complaint and central to the plaintiff's claim, so long as the authenticity of such documents is undisputed. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).[2]

Plaintiff Maria Del Rosario Cota Martinez ("Cota") was employed by Defendants from

---

need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

[2] As set forth more fully below, the Court finds the documents attached to the Amended Complaint unhelpful to its analysis of the issues raised in the present motion.

approximately January 2014 through approximately October 2014. Plaintiff Mario Rincon Rosales ("Rincon") was employed by Defendants from approximately May 2014 through approximately August 2014. Plaintiff Araceli Zavala Ramirez ("Zavala") was employed by Defendants from approximately May 2013 through August 2013, and again from approximately May 2014 through August 2014. Plaintiffs and those similarly situated worked as hourly employees for Defendants in luxury hotels with which the Xclusive Defendants contracted to provide housekeeping services, including the Omni Interlocken, Embassy Suites, and Homewood Suites.

Though the Plaintiffs and those similarly situated regularly worked a fluctuating number of hours that often totaled more than 40 hours per week, Defendants failed to pay them overtime premiums on a consistent basis. In response to Plaintiffs' complaints that their paychecks did not accurately reflect the actual hours worked, Defendants altered Plaintiffs' timesheets after the fact and adjusted their rates of pay to reach higher total amounts of pay that still failed to compensate Plaintiffs for their actual hours worked, including overtime. Defendants also automatically clocked out Plaintiffs for a half-hour meal break at the midpoint of their shifts, whether Plaintiffs actually took those breaks in their entirety each time.

Defendants often paid their hourly employees at their regular hourly rates for hours worked beyond forty in each workweek, rather than always pay overtime premiums to these employees. However, Defendants only paid for all hours worked sporadically and inconsistently, in response to direct complaints by hourly employees, and routinely failed to pay Plaintiffs for every hour worked in every pay period at the agreed-upon rate of pay.

Defendants deducted a $3 "fee" from every paycheck issued to Plaintiffs and those similarly situated, but did not provide any additional goods or services for this deduction. Although

Defendants have provided copies of documents they purport to be forms ostensibly signed by Plaintiffs indicating, *inter alia*, that this $3 deduction would be made, this policy was never explained to Plaintiffs, although other policies indicated on the forms, such as deductions for uniforms or meals, were explained, nor was adequate consent for the $3 deduction otherwise obtained.

## II.     Procedural History

Defendants responded to Plaintiffs' Amended Complaint by filing the present motion to dismiss on May 20, 2015, arguing that Plaintiffs fail to state plausible claims for recovery of overtime, minimum wages and "gap time." Specifically, Defendants assert Plaintiffs fail to allege the amount and extent of work performed as a matter of just and reasonable inference for their overtime claims; how the deductions for automatic meal breaks are unlawful under the FLSA; that the Defendants had actual or constructive knowledge of a failure to pay overtime; any facts supporting claims for minimum wage; and how the FLSA provides recovery for "gap-time" hours.

Plaintiffs counter the Defendants improperly rely on a heightened pleading standard and argue the allegations set forth in the Amended Complaint are sufficient under the proper standard. Further, Plaintiffs contend that Defendants raise questions of factual accuracy, which are not proper for analysis under Rule 12(b)(6). In addition, Plaintiffs assert that their repeated complaints as well as Defendants' own timekeeping system, which automatically deducts 30 minutes for lunch despite whether the employee actually took a break, put Defendants on constructive knowledge of a failure to pay overtime. Plaintiffs also argue that the lawfulness of the automatic break policy concerns factual issues not appropriately considered here. Finally, Plaintiffs contend that the FLSA properly provides recovery for any time worked and not paid, including "gap time."

Defendants reply that Plaintiffs improperly ask the Court to apply an outdated standard to the issues raised in the present motion, and contend the Plaintiffs' reliance on Department of Labor reports is misplaced because they concern hotels, managers and employees other than those involved in this case. Defendants also argue the Plaintiffs' dispute over the accuracy of the timesheets does not excuse their burden to allege facts showing the amount and extent of their work as a matter of just and reasonable inference. In addition, Defendants assert Plaintiffs fail to allege Defendants' knowledge of work performed during the lunch hour or off-the-clock work that was not compensated. Finally, Defendants contend the Plaintiffs misstate the law on "gap time."

## **LEGAL STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id. Twombly* requires a two prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id.* at 678-80. Second, the Court must consider the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id.* at 680.

Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d

1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kansas Penn Gaming, LLC v. Collins,* 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1191.

The adequacy of pleadings is governed by Federal Civil Procedure Rule 8(a)(2), which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations omitted). Determining whether the allegations in a complaint are "plausible" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[ ] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

## ANALYSIS

The Defendants argue primarily that Plaintiff's allegations do not state plausible claims under the FLSA for minimum wage and overtime pursuant to *Iqbal* and *Twombly*. They also contend automatic deductions for meal breaks are lawful and recovery for gap time is not permitted under the FLSA. The Court will address each argument in turn.

**I.     Pleading Plausible FLSA Claims**

To prove their claims for violation of the FLSA's minimum wage and overtime pay requirements, Plaintiffs must allege: (i) the Defendants are employers as defined by the Act; (ii) Plaintiffs are employees as defined by the Act; (iii) the Defendants employed the Plaintiff's services; and (iv) paid them less than the minimum wage set forth in the statute; and/or (v) Defendants employed their services for more than 40 hours in a single work week, but Plaintiffs did not receive compensation at a rate of 1.5 times their normal hourly rate for the hours they worked over 40 in that week.  29 U.S.C. §§ 206(a), 207(a)(1).

It appears the Tenth Circuit has not yet ruled on what constitutes sufficient factual allegations to state plausible claims under the FLSA following the Supreme Court's decisions in *Twombly/Iqbal*; accordingly, the Defendants ask the Court to adopt the holdings of the First, Second, Third, and Ninth Circuits.  Analyzing the opinions from the First, Second, and Third Circuits, the Ninth Circuit concluded that to survive a motion to dismiss, "a plaintiff asserting a claim to overtime payments must allege that [he or she] worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek."  *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638 , 644-45 (9th Cir. 2014), *as amended* (Jan. 26, 2015), *cert. denied*, 135 S. Ct. 1845 (2015) (citations omitted).  In agreeing with the other circuits, the *Landers* court "decline[d] to make the approximation of overtime hours the *sine qua non* of plausibility for claims brought under the FLSA[,]" because relevant information concerning a plaintiff's wages and schedule was typically in the employer's control.  *Id.* at 645.  However, "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that [he or she] worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty

during that week." *Id.* (citations omitted) ("Notably absent from the allegations in Landers' complaint, however, was any detail regarding a given workweek when Landers worked in excess of forty hours and was not paid overtime for that given workweek and/or was not paid minimum wages.").

This Court agrees with the Ninth Circuit's interpretation and amalgamation of the other circuits' holdings. For example, the Third Circuit found, "[W]e do not hold that a plaintiff must identify the exact dates and times that she worked overtime. For instance, a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice." *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014) (emphasis in original). Likewise, the Second Circuit has concluded, "to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours." *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013); *see also Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201 (2d Cir. 2013) ("These allegations – that Plaintiffs were not compensated for work performed during meal breaks, before and after shifts, or during required trainings – raise the possibility that Plaintiffs were undercompensated in violation of the FLSA and NYLL; however, absent any allegation that Plaintiffs were scheduled to work forty hours in a given week, these allegations do not state a plausible claim for such relief. To plead a plausible FLSA overtime claim, Plaintiffs must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week."). Finally, the First Circuit determined

> The allegation – "regularly worked hours over 40 in a week and were not compensated for such time" – is little more than a paraphrase of the statute. This deficiency is not cured by allegations that "the plaintiffs and other class members regularly worked through their lunch breaks but that the computer system tracking time for compensation automatically deducted a half hour for lunch," since although it's possible the FLSA may have been violated as to those who worked through their lunches, such persons could still have been properly compensated under the FLSA: in particular, various forms of "work" may not be not compensable. See 29 U.S.C. § 254(a) (non-"principal" preliminary or postliminary work not compensable); 29 C.F.R. §§ 785.27-785.32 (various types of training not compensable); id. § 785.47 (insignificant time beyond scheduled working hours not compensable).

*Pruell v. Caritas Christi*, 678 F.3d 10, 13-14 (1st Cir. 2012).

District courts applying these standards conclude essentially that an alleged violation of the FLSA overtime provision is plausible regardless of what the plaintiff earned as an hourly wage as long as the plaintiff alleges facts demonstrating he or she was otherwise eligible to receive overtime compensation and worked more than 40 hours in a given week without receiving compensation for those overtime hours. For instance,

> [P]laintiffs must at least draw on their own "memory and experience" to provide "developed factual allegations," consistent with the minimal standard articulated in *Lundy*. Perkins is reasonably expected to recall basic facts about his own work experience, such as when he worked overtime; whether he came to work early, stayed late, or took on additional shifts; approximately how many extra hours he worked per week; and the types of tasks he performed during his overtime hours. Here, the Amended Complaint fails to identify a specific week in which Perkins worked but was not lawfully compensated for overtime hours and therefore does not state a plausible overtime claim under the FLSA, as applied in *Lundy*.

*Perkins v. 199 SEIU United Healthcare Workers East*, 73 F. Supp. 3d 278, 290 (S.D.N.Y. 2014) (citations omitted). In addition,

> ... Coleman's complaint has no allegations that provide any factual context that form the basis for his claimed FLSA violation. The complaint merely alleges that "[during] one or more weeks of Plaintiff's employment, Plaintiff worked in excess of forty (40) hours" and that during "one or more weeks ... Defendant failed to pay Plaintiff" the overtime rate. For the same reasons as the First Circuit in *Pruell* and the Second Circuit in *DeJesus*, this court finds that more is required of a plaintiff

9

> than an "all purpose pleading template" with allegations providing no factual context and no way for the court to determine that the plaintiff has stated a claim as opposed to repeating the statutory elements of the cause of action. The *DeJesus* court was careful to note that it was not requiring a plaintiff to plead a specific number of hours worked; "mathematical precision" was not the standard. But the court did not find it unfair or burdensome to require some factual allegations. "[I]t is employees' memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place. Our standard requires that plaintiffs draw on those resources in providing complaints with sufficiently developed factual allegations." *DeJesus*, 726 F.3d at 88-91. Similarly, Coleman should be able to use his memory to flesh out the complaint with a factual context, before discovery has taken place."

*Coleman v. John Moore Servs., Inc.*, No. H-13-2090, 2014 WL 51290, at *4 (S.D. Tex. Jan. 7, 2014). On the other hand, a court denied a motion to dismiss where the complaint alleged that the plaintiffs were regularly scheduled to work five days per week, "the regular shift was six (6) or seven (7) daily hours," and the overtime hours they worked came from working "2 or 3 daily hours devoted to tasks related to preparing [d]efendant [PSHRC's] establishment before it opened its doors to its clients and related to the closing of the establishment," because these allegations provided "both an estimate of the hours worked and a general idea of the type of work performed." *Perez v. Prime Steak House Rest. Corp.*, 939 F. Supp. 2d 132, 141-42 (D. P.R. 2013).

The Plaintiffs contend that Defendants' reliance on *Topp v. Lone Tree Athletic Club, Inc.*, No. 13-cv-01645-WYD-KLM, 2014 WL 3509201 (D. Colo. July 15, 2014) is misplaced because the analysis focused on whether the plaintiff was entitled to damages for default judgment. The Court agrees (1) that the particular analysis on which Defendants rely pertains to whether damages are appropriate for default judgment, and (2) to the extent the opinion contravenes the findings of the circuits listed above. *See id.* at *9 ("At a minimum, an FLSA complaint must set forth the approximate number of unpaid regular and unpaid overtime hours allegedly worked.").

For their position that the Amended Complaint is sufficient, the Plaintiffs rely in part on

Chief Judge Krieger's opinion in *Perez v. Pinion Mgmt., Inc.*, No. 12-cv-00653-MSK, 2013 WL 1149567, at *8 (D. Colo. Mar. 19, 2013). There, Judge Krieger addressed an argument similar to that advanced by the Defendants here: whether automatic meal break deductions are, as a matter of law, permissible under the FLSA. *Id.* Judge Krieger concluded, "the Amended Complaint gives the Defendants sufficient notice of Ms. Perez's contention that she was 'routinely,' 'consistently,' and 'often,' required to take her meal breaks 'without any change in demands' upon her, and that she was 'required to respond to pages, as well as requests by patients, co-workers, and management' during such breaks, and that she was prohibited from leaving her duty station during such breaks." *Id.* (citations omitted). Importantly, Judge Krieger was not asked to, and did not, determine whether the plaintiff's allegations concerning the number of hours she worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek were sufficient. *Id.*

The Plaintiffs also rely on several unpublished cases from the District of Kansas, which primarily cite an unpublished Eleventh Circuit case for the proposition that specific allegations of hours worked and pay rates are unnecessary to state plausible FLSA claims. Response, docket #54 at 2-6. However, the Court finds these cases to be factually distinguishable and agrees with the Defendants that the Eleventh Circuit case, which compared the complaint at issue there with the more complex claims/allegations in *Twombly*, did not have the occasion to apply the *Iqbal/Twombly* standard since it was decided before *Iqbal*. *See Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008).

Based on a review of the listed cases, this Court finds the Tenth Circuit would likely follow the First, Second, Third and Ninth Circuits' opinions that to state a plausible claim for overtime pay

under the FLSA, a plaintiff must allege that he or she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week. Along those same lines, for a minimum wage claim, a plaintiff must allege facts demonstrating that he or she worked hours for which he or she was not paid the minimum rate set forth in the statute. Accordingly, the Court rejects the Defendants' argument that Plaintiffs must allege all of the following specifics to survive a motion to dismiss: the time, date, or place they allegedly worked unpaid or underpaid overtime; any examples of the unpaid work; any allegations about the type of unpaid work they performed; any description of the nature of the unpaid work; the approximate number of unpaid overtime hours worked; the approximate number of underpaid overtime hours worked; or the approximate dollar amount of the allegedly unpaid work. *See* Motion, docket #41 at 8. Rather, the Plaintiffs need only "draw on their own 'memory and experience' to . . . recall basic facts about [their] own work experience, such as when [they] worked overtime; whether [they] came to work early, stayed late, or took on additional shifts; approximately how many extra hours [they] worked per week; and the types of tasks [they] performed during [their] overtime hours." *Perkins*, 73 F. Supp. 3d at 290. In other words, the Plaintiffs need allege only "both an estimate of the hours worked and a general idea of the type of work performed." *See Perez*, 939 F. Supp. 2d at 141-42.

In this case, the Plaintiffs' allegations are close but fail to meet the *Iqbal/Twombly* standard for plausibly stating FLSA claims in that they fail to allege they worked hours for which they were not compensated at the minimum wage set forth in the statute, nor do they identify a given

workweek during which they worked more than 40 hours but were not properly compensated.[3] The Court finds these standards should not be difficult to meet, particularly considering the relatively brief periods of time the named Plaintiffs worked for the Defendants. Accordingly, the Court recommends that the District Court grant Defendants' motion to dismiss the Plaintiffs' Amended Complaint, but permit the Plaintiffs leave to amend their pleading in compliance with the Court's order.

## II.     Automatic Deductions for Meal Breaks

While it is true that "automatic deductions for meal breaks are [*not*], as a matter of law, permissible, even though the employee nevertheless is required to work during some or all of that break period," *Perez*, 2013 WL 1149567, at *8, the Court finds further that the Plaintiffs' allegations in this case are insufficient to put the Defendants on notice of whether they violated the FLSA with respect to their meal deduction policy. That is, unlike in *Perez*, the Plaintiffs here do not allege what work they were required to perform while "on break" or any policies or practices requiring them to work while "on break."[4] The Court recommends that the District Court dismiss the insufficient allegations, but permit the Plaintiffs to amend their pleading.

## III.    Gap Time

Plaintiffs cite a Tenth Circuit case from 1992 for the proposition that "when, as alleged here, an employee's meal breaks are incorrectly deducted under the FLSA, the employer must compensate the employee at his regular rate for those meal breaks *irrespective* of whether or not the employee

---

[3]Notably, such information may serve as a basis for demonstrating the Defendants' knowledge that Plaintiffs believe they were not paid in accordance with the law.

[4]*See* footnote 2.

worked overtime during that work week." Response, docket #54 at 12-13 (citing *Lamon v. City of Shawnee, Kan.*, 972 F.2d 1145, 1155 (10th Cir. 1992)). In other words, Plaintiffs contend they are "entitled to any unpaid regular hours worked in any work week where they were not paid overtime due to them." Defendants construe Plaintiffs' allegations as seeking recovery for "gap time" – hours worked that are fewer than 40 per week but do not exceed the minimum wage – which they argue is not compensable under the FLSA.

First, the Court finds the Tenth Circuit's opinion in *Lamon* does not stand for the proposition proffered by the Plaintiffs, for the same reasons so thoroughly and cogently explained in *Taylor v. McLane Foodservice, Inc.*, No. 12-2697-JWL, 2013 WL 943531, at *5-*7 (D. Kan. Mar. 11, 2013), which concluded:

> Because of the particular procedural posture of *Lamon II* – where a jury had determined that unpaid meal periods were compensable and the remaining issue was one of damages – the court is unable to divine from that opinion how the Circuit might resolve the viability of pure gap time claims if they were faced with that issue, as here, on a Rule 12(b)(6) motion to dismiss or some other fashion in which the issue was squarely before it. But suffice it to say, the court is not persuaded that *Lamon II* squarely addresses the issue here such that the court is bound by it in resolving defendant's motion. In resolving defendant's motion to dismiss, then, the court writes on a clean slate in terms of Tenth Circuit precedent and, ultimately, is persuaded by the clear weight of authority concluding that the FLSA does not provide a remedy for workers who have received at least the minimum wage for a pay period in which they have not worked overtime. Because plaintiffs' complaint does not allege that they received less than the minimum wage in any pay period, plaintiffs' complaint must be dismissed.

*Id.* at *7.

Second, although the Court agrees that the "clear weight of authority" concludes the FLSA does not provide for recovery of "pure gap time" (*see id.*), the Court finds the Plaintiffs' allegations are unclear as to whether they seek recovery for such time or whether any alleged "gaps" are simply to hours worked overtime. *See* Amended Complaint, §§ 23-25:

14

23. In response to Plaintiffs' complaints that their paychecks did not accurately reflect their actual hours worked, Defendants would alter Plaintiffs' timesheets after the fact and adjust their rates of pay to reach higher total amounts of pay that still failed to compensate Plaintiffs for their actual hours worked, including overtime. Defendants would also automatically clock out Plaintiffs for a half-hour meal break at the midpoint of their shifts, whether or not those breaks were actually taken in their entirety by Plaintiffs each time.

24. Rather than always pay overtime premiums to their hourly employees, Defendants often paid their hourly employees at their regular hourly rates for hours worked beyond forty in each workweek. However, Defendants only paid for all hours worked sporadically and inconsistently, in response to direct complaints by hourly employees, and routinely failed to pay Plaintiffs for every hour worked in every pay period at the agreed-upon rate of pay.

25. Defendants subjected all of their hourly employees to *this policy* of refusing to pay overtime wages for overtime hours worked.

*Id.*, docket #39 (emphasis added). Consequently, the Court recommends that the District Court permit the Plaintiffs to amend their pleading to clarify their claims for hours worked permitted by the FLSA.

**III. Leave to Amend**

Dismissal of a case under Fed. R. Civ. P. 12(b)(6) is a harsh remedy to be used cautiously so as to promote the liberal rules of pleading while protecting the interests of justice. *Cayman Exploration Corp. v. United Gas Pipe Line*, 873 F.2d 1357, 1359 (10th Cir. 1989). As such, in this jurisdiction, the Court typically does not dismiss a claim under Rule 12(b)(6) until the plaintiff has been provided notice and an opportunity to amend the complaint to cure the defective allegations. *See Bellmon*, 935 F.2d at 1109-10.

Here, the Plaintiffs amended their pleading as a matter of course pursuant to Fed. R. Civ. P. 15(a); thus, the Plaintiffs proceeded without binding precedent on the issues raised and notice from the Court as to the insufficiency of their allegations. Consequently, the Court recommends that the

Plaintiffs be permitted another opportunity to amend their pleading in this matter.

## CONCLUSION

Accordingly, this Court respectfully RECOMMENDS that the District Court **grant** Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [filed May 20, 2015; docket #41], but permit the Plaintiffs to amend their pleading in accordance with, and within 30 days of, the District Court's order.

Dated at Denver, Colorado, this 12th day of August, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge